**FILED IN CHAMBERS**
**U.S.D.C. ROME**
Date: Feb 16 2021
JAMES N. HATTEN, Clerk
By: s/Kari Butler
Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS R. ADAMS, | : | PRISONER HABEAS CORPUS |
| Cobb Cty. No. 001029791, | : | 28 U.S.C. § 2254 |
| Petitioner pro se, | : | |
| | : | |
| v. | : | |
| | : | |
| NEIL WARREN, Sheriff, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-0337-TWT-WEJ |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Thomas R. Adams, an inmate at the Cobb County Jail in Marietta, Georgia, has filed a pro se 28 U.S.C. § 2254 habeas corpus Petition challenging his 2015 Cobb County guilty plea convictions for child molestation and cruelty to a child. (Pet. [1], at 1.) The matter is before the Court for initial screening of the Petition under Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts (hereinafter "Rule 4").

Rule 4 requires a court to dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. foll. § 2254, Rule 4. A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available

State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Under Georgia law, "[a]ny person restrained of his liberty as a result of a sentence imposed by any state court of record may seek a writ of habeas corpus to inquire into the legality of the restraint." See O.C.G.A. § 9-14-1(c) et seq.

Here, petitioner indicates that he did not appeal his convictions and that he has not previously filed any petitions, applications, or motions with respect to the instant convictions in state court. (Pet. 2.) Because the state habeas corpus procedure is available to Petitioner and he has not shown that it is ineffective to protect his rights, this federal habeas action is due to be dismissed without prejudice for lack of exhaustion. See 28 U.S.C. § 2254(b)(1). Although district courts generally should not sua sponte dismiss a habeas petition for failure to exhaust state remedies, Prather v. Norman, 901 F.2d 915, 918 (11th Cir. 1990), they may do so where "requiring the petitioner to return to state court to exhaust his claims serves an important federal interest." Esslinger v. Davis, 44 F.3d 1515, 1524 (11th Cir. 1995). Requiring Petitioner to exhaust his claims in the state courts serves

...

important federal interests of comity and judicial efficiency because presenting those claims to the state courts may moot the need for federal habeas relief or, at a minimum, focus the factual and/or legal issues underlying the claims. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987) ("If ... the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the [federal] court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis.").

Accordingly, **IT IS RECOMMENDED** that this § 2254 action be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. Petitioner's Application for leave to proceed in forma pauperis ("IFP") [2] is **GRANTED** for the purpose of dismissal only.

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, a petitioner cannot appeal the final order in a habeas corpus proceeding "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Because reasonable jurists would not debate the procedural determination that this action is due to be dismissed for lack of exhaustion, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the District Court adopts this

recommendation and denies a certificate of appealability, petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254, Rule 11(a).

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 16th day of February, 2021.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE